UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PABLO ALEJANDRO PEREZ SILVA,

Petitioner,

v.

ANGELA DUNBAR et al.,

Respondents.

Case No. 1:26-cv-2494

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] (Pet., ECF No. 1), and a declaration in support of his habeas petition, (ECF No. 7). For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court

[1] In addition to filing his § 2241 petition, Petitioner filed a motion for temporary restraining order (ECF No. 2), a motion to expedite consideration of his habeas petition (ECF No. 3), a motion to release on bond pending decision (ECF No. 4), a motion for protective order against summary re-detention upon release (ECF No. 5), and a motion to stay removal pending resolution of petition (ECF No. 6). These motions, (ECF Nos. 2–6), are rendered moot by the issuance of the Court's Opinion and Judgment in this action.

to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.18–19.) In an Order entered on September 8, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 11.) Respondents filed their response and recordings of the August 6, 2026, bond hearing on September 11, 2026, (Resp., ECF No. 12; Recording of Aug. 6, 2026, Bond Hearing, filed on Sept. 11, 2026).

## II. Relevant Factual Background

Petitioner is a citizen of Guatemala who entered the United States on a B-2 visa on February 4, 2020, which authorized him to remain in the United States until August 3, 2020. (Form I-213, ECF No. 12-1, PageID.182.) Petitioner overstayed his visa, without the permission of the Department of Homeland Security. (*Id.*) On July 8, 2026, Petitioner was arrested by ICE in Boston, Massachusetts. (*Id.*, PageID.181.)

On August 6, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 12-4, PageID.187.) In the written order following the hearing, the Immigration Judge denied Petitioner's request for bond, stating: "Bond is denied because [Petitioner] failed to show that he was not a danger or a flight risk." (*Id.*)

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits.[2] The Court has fully addressed these issues and Respondents' arguments in *Soto-*

[2] The materials submitted by the parties do not suggest that Petitioner is subject to a final order of removal or that Petitioner is subject to detention under 8 U.S.C. § 1226(c).

*Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.[3]

**Conclusion**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: September 25, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge

[3] Petitioner raised several conditions of confinement claims in his habeas petition. If Petitioner wishes to do so, he may raise those claims in a civil rights lawsuit.